.(June 4, 1974)

■ In the Matter of the PRISONERS' LABOR UNION AT BEDFORD HILLS (WOMEN'S DIVISION) et al., Petitioners, v. ROBERT D. HELSBY et al., Constituting the New York State Public Employment Relations Board, Respondents. NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent-Intervenor.— Motion by petitioners (1) for reargument of proceeding which was determined by order of this court dated April 22, 1974 or (2) in the alternative for leave to appeal to the Court of Appeals from said order. Motion denied. On the court's own motion, its decision dated April 22, 1974 is amended by striking the word "constitutional" from the last paragraph thereof and substituting therefor the word "statutory". Order dated April 22, 1974 amended accordingly. Martuscello, Acting P. J., Latham, Shapiro, Benjamin and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARK METZGER and JOHN CLEMENTS, Appellants. On the court's own motion, its decision (44 A D 2d 572), dated March 11, 1974, is amended as follows: The second paragraph of the decision is amended to read: "Judgment reversed, on the law, defendants' motion to suppress certain evidence granted as to the marijuana found in the chest of drawers, and case remanded to the County Court for proceedings in accordance with this decision." The following is added to the end of the decision: "The indictment contained three counts: (1) criminal sale of marijuana in the second degree (a class B felony); (2) criminal possession of marijuana in the third degree (a class C felony); and (3) criminal possession of barbiturates in the sixth degree (a class A misdemeanor). On the denial of the motion to suppress in the County Court, defendants pleaded guilty to criminal sale of a dangerous drug in the fourth degree (a class D felony) in satisfaction of the indictment. Since the motion to suppress is now being granted only as to part of the evidence involved in the second count (criminal possession), the plea of guilty to the crime of criminal sale would ordinarily lead to affirmance of the judgment. However, since the plea of guilty may have been induced by the complete denial by the County Court of the motion to suppress, and since defendants' counsel stated to this court on May 29, 1974 that he wished to have the plea withdrawn in view of this court's decision, in the interests of justice the judgment is reversed without prejudice to defendants' moving in the County Court for withdrawal of their plea of guilty, which application, if made, should be granted." Latham, Acting P. J., Shapiro, Cohalan, Christ and Munder, JJ., concur.

■ BARBARA GOLDMAN, Respondent, v. THEODORE GOLDMAN, Appellant.— In an action for separation, defendant appeals from an order of the Supreme Court, Nassau County, entered December 6, 1973, which granted plaintiff's motion, inter alia, to punish defendant for contempt of court for failure to comply with an order of temporary alimony. Order modified by striking therefrom all of the decretal paragraphs, except the seventh, which awarded plaintiff a counsel fee, and by adding thereto a provision directing that an immediate trial of the issues in the case take place in June, 1974, at which trial plaintiff may renew her application to punish for contempt. As so modified, order affirmed, without costs. A prompt trial is the means to resolve asserted inequities in an award of temporary alimony (Levene v. Levene, 41 A D 2d 530). At the trial the parties may adduce evidence of their respective financial circumstances and, on the basis of such evidence, the amount of permanent alimony, if any, can be determined. Hopkins, Acting P. J., Martuscello, Cohalan, Brennan and Munder, JJ., concur.